■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILSON MILORD, Appellant. [957 NYS2d 904]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered October 13, 2010, convicting him of grand larceny in the second degree, forgery in the second degree, and criminally negligent homicide (three counts), upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]) in which she moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Arza Feldman for leave to withdraw as counsel for the appellant is granted, and she is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,

Ordered that Richard L. Herzfeld, Esq., 104 West 40th Street, 20th Floor, New York, N.Y., 10018, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcripts of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated March 21, 2011, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that there are nonfrivolous issues in this case, including, but not necessarily limited to, whether the County Court improvidently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty (*see* CPL 220.60 [3]; *People v Hughes*, 62 AD3d 1026 [2009]). Accordingly, assign-

ment of new counsel is warranted (*see People v York*, 101 AD3d 1055 [2d Dept 2012]; *see generally Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 254-261 [2011]). Balkin, J.P., Lott, Austin and Sgroi, JJ., concur.