■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN LAWLESS, Appellant. [2 NYS3d 805]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Prager, J.), rendered March 6, 2014, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Martin Goldberg for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Richard M. Langone, Esq., 600 Old Country Road, Suite 328, Garden City, N.Y., 11530, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcripts of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and

file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated June 3, 2014, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that there are nonfrivolous issues in this case, including, but not necessarily limited to, whether the County Court improvidently exercised its discretion in denying the defendant's motions to withdraw his plea of guilty (*see* CPL 220.60 [3]; *People v Milord*, 102 AD3d 891 [2013]; *People v Graves*, 92 AD3d 799 [2012]; *People v Mack*, 90 AD3d 784 [2011]). Accordingly, assignment of new counsel is warranted (*see Anders v California*, 386 US 738 [1967]; *People v Stokes*, 95 NY2d 633 [2001]; *see generally Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 254-261 [2011]). Dillon, J.P., Chambers, Austin and LaSalle, JJ., concur.