People v Clarke (2020 NY Slip Op 05914)





People v Clarke


2020 NY Slip Op 05914


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-04388
 (Ind. No. 9072/16)

[*1]The People of the State of New York, respondent,
v
Raheem Clarke, appellant.


Janet E. Sabel, New York, NY (Kristina Schwarz of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jodi L. Mandel of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew Sciarrino, Jr., J.), rendered January 2, 2018, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which she moves for leave to withdraw as counsel for the appellant.
ORDERED that the judgment is affirmed.
We are satisfied with the sufficiency of the brief filed by the defendant's assigned counsel pursuant to Anders v California (386 US 738). Assigned counsel wrote to the defendant advising that, notwithstanding the presence of potentially nonfrivolous issues to raise on an appeal related to the defendant's plea, it was not recommended that those grounds be raised due to the risk of exposure to a greater sentence than the sentence imposed by the Supreme Court in the event the plea were to be vacated. Assigned counsel has informed this Court that the defendant has not authorized defense counsel to raise any issues related to the plea. Upon an independent review of the record, we conclude that there are no remaining nonfrivolous issues which could be raised on appeal. Therefore, counsel's application for leave to withdraw as counsel is granted (see Anders v California, 386 US at 744; People v Thomas-Newbill,114 AD3d 711; People v Snell, 105 AD3d 777; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252).
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court