People v Gray (2021 NY Slip Op 08245)





People v Gray


2021 NY Slip Op 08245


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-04241 ON MOTION
 (Ind. No. 33/17)

[*1]The People of the State of New York, respondent,
v
Aaron Gray, appellant.


Paul Skip Laisure, New York, NY, for appellant, and appellant pro se.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Alexander Jeong, J.), rendered March 6, 2018, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Paul Skip Laisure for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Craig S. Leeds, 1345 6th Avenue, 2nd Floor, New York, NY 10105, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated July 24, 2018, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to file one original and five duplicate hard copies, and one digital copy, of their respective briefs, and to serve one hard copy on each other (see 22 NYCRR 1250.9[a][4]; [c][1]).
An appellate court's role in reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738) consists of two separate and distinct steps (see People v Murray, 169 AD3d 227, 231). The first step is the court's evaluation of assigned counsel's brief, "which must, to be adequate, discuss 'relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority'" (id. [*2]at 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258). The second step is to determine whether counsel's assessment that there are no nonfrivolous issues for appeal is correct (see People v Murray, 169 AD3d at 232; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
"In analyzing whether nonfrivolous appellate issues exist, it is essential to appreciate the distinction between a potential appellate argument that is merely meritless or unlikely to prevail and one that is frivolous" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). If the court concludes that there are nonfrivolous issues that could be raised on appeal, the court must assign new counsel to pursue an appeal on the defendant's behalf (see id.).
Here, the brief submitted by the defendant's counsel pursuant to Anders v California is deficient because it fails to adequately analyze potentially nonfrivolous appellate issues. Moreover, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the defendant's waiver of his right to appeal was valid (see People v Bisono, ___ NY3d ___, 2020 NY Slip Op 07484; People v Thomas, 34 NY3d 545), whether the defendant was properly adjudicated a second felony drug offender (see CPL 400.21; People v Harris, 61 NY2d 9, 15), and whether the defendant's sentence was excessive (see People v Suitte, 90 AD2d 80).
Accordingly, the assignment of new counsel is warranted.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court