■ In the Matter of Charisma D. and Another, Children Alleged to be Neglected. Sandra R., Appellant; Commissioner of the Administration of Children's Services, Respondent. [889 NYS2d 13]—

Orders of disposition, Family Court, New York County (Sara P. Schechter, J.), entered on or about March 5, 2008, which, upon a fact-finding determination that respondent mother neglected the subject children, placed the children in the custody of their respective paternal grandmothers until the completion of the permanency hearing, unanimously reversed, on the law, without costs, insofar as they bring up for review the fact-finding determination, the petition dismissed, and the remainder of the appeal dismissed as academic.

The evidence in support of the neglect finding is that police officers recovered from the apartment in which respondent resided with the subject children and her mother one glassine envelope each of heroin and cocaine sufficient to establish misdemeanor crimes, and a digital scale. At the time of the search, respondent, one of the children, respondent's sister, her mother and her mother's boyfriend were present in the apartment. The heroin was recovered from a cabinet in the "dining room kitchenette area," the cocaine from respondent's mother's bedroom, and the scale from a dresser drawer in respondent's bedroom. According to the undisputed evidence at the fact-finding hearing, none of this contraband was in plain view. A police officer testified that respondent's mother told the police that the controlled substances were in the apartment and that they were hers; the officer also testified that respondent told the officers that her mother used drugs and that if any were found, they belonged to her mother. As for the scale, the officer testified that respondent told him about the scale and that it belonged to her infant son's father, who was no longer living in the apartment. Such evidence is legally insufficient to establish neglect under Family Court Act § 1012 (f) (i) (B) (*see Nicholson v Scoppetta*, 3 NY3d 357, 369 [2004]). In view of the foregoing, the terms of the placement are academic. We also note that the placement has been rendered moot by the expiration of the orders of disposition and subsequent orders finally discharging the children to respondent's custody. Concur—Friedman, J.P., McGuire, Moskowitz, Acosta and DeGrasse, JJ.