[931 NYS2d 676]

In the Matter of GIOVANNI S., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JASMIN A., Appellant.

Second Department, November 1, 2011

## APPEARANCES OF COUNSEL

*Austin I. Idehen*, Jamaica, for appellant.

*Michael A. Cardozo, Corporation Counsel*, New York City (*Stephen J. McGrath, Rachel Ambats* and *Ellen Ravitch* of counsel), for respondent.

*Steven Banks, The Legal Aid Society*, New York City (*Tamara A. Steckler* and *Diane Pazar* of counsel), attorney for the child.

**OPINION OF THE COURT**

SKELOS, J.

In the present appeal by the mother from a fact-finding order in a child protective proceeding which, inter alia, found that she had neglected the subject child, the mother's counsel submitted a brief pursuant to *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant. We take this opportunity to review the basic principles espoused in *Anders* and their proper application, as well as the responsibilities of counsel in relation to the filing of briefs pursuant to *Anders*.

The fundamental principles upon which *Anders* was founded apply in both criminal and family law cases. The Due Process and Equal Protection Clauses of the Fourteenth Amendment converge to require that indigent criminal defendants, faced with the "risk of loss of liberty or grievous forfeiture" (*Matter of Smiley*, 36 NY2d 433, 437 [1975]), are granted "equal rights to appeal through the representation and advocacy of assigned counsel" (*People v Stokes*, 95 NY2d 633, 635-636 [2001]; *see Smith v Robbins*, 528 US 259, 276 [2000]; *Douglas v California*, 372 US 353, 355 [1963]). Likewise, "[a] parent's concern for the liberty of the child, as well as for his care and control, involves too fundamental an interest and right to be relinquished to the State without the opportunity for a hearing, with assigned counsel if the parent lacks the means to retain a lawyer" (*Matter of Ella B.*, 30 NY2d 352, 356-357 [1972] [citations omitted]; *see Matter of Jung [State Commn. on Jud. Conduct]*, 11 NY3d 365, 373 [2008]). Accordingly, indigent parties to certain Family Court proceedings, such as child protective proceedings pursuant to Family Court Act article 10, are entitled to be represented by assigned counsel (*see* Family Ct Act § 262 [a] [i]; *Matter of Jung [State Commn. on Jud. Conduct]*, 11 NY3d at 373; *Matter of Ella B.*, 30 NY2d at 356-357; *Matter of Casey N.*, 59 AD3d 625, 627 [2009]), including on appeal (*see* Family Ct Act § 1120 [a]; *see also* § 1121 [4], [5]). The importance of the right to counsel, both at the trial level and on appeal, cannot be overstated, for "it is through counsel that all other rights" are protected (*Penson v Ohio*, 488 US 75, 84 [1988]).

Nonetheless, there is one limitation placed upon the right to counsel on appeal, to wit: it " 'does not include the right to counsel for bringing a frivolous appeal' " (*People v Stokes*, 95 NY2d at 636, quoting *Smith v Robbins*, 528 US at 278; *see Anders v California*, 386 US at 741-742). The United States

Supreme Court in *Anders* set forth a procedure, subsequently adopted by the New York State Court of Appeals, which, when properly utilized in the context of potentially frivolous appeals, safeguards an indigent appellant's rights (*see Anders v California*, 386 US at 744; *People v Stokes*, 95 NY2d at 637; *see also Smith v Robbins*, 528 US at 271).

According to that procedure, if, "after a conscientious examination of the record," assigned counsel finds a case to be "wholly frivolous," counsel should "so advise the court and request permission to withdraw" (*People v Saunders*, 52 AD2d 833, 833 [1976]; *see Anders v California*, 386 US at 744). In fulfilling assigned counsel's role as an "active advocate" (*Anders v California*, 386 US at 744), such requests to withdraw must "be accompanied by a brief reciting the underlying facts and highlighting anything in the record that might arguably support the appeal" (*People v Saunders*, 52 AD2d at 833; *see Anders v California*, 386 US at 744; *People v Stokes*, 95 NY2d at 637). "A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court— not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous" (*Anders v California*, 386 US at 744; *see People v Stokes*, 95 NY2d at 636). If the court "finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal" (*Anders v California*, 386 US at 744; *see People v Stokes*, 95 NY2d at 636; *People v Brown*, 140 AD2d 363 [1988]). If, however, " 'the court is satisfied that counsel has diligently investigated the possible grounds of appeal, and agrees with counsel's evaluation of the case, then leave to withdraw may be allowed,' " and the appeal decided (*Anders v California*, 386 US at 741-742, quoting *Ellis v United States*, 356 US 674, 675 [1958]; *see People v Stokes*, 95 NY2d at 636; *see e.g. People v Powell*, 85 AD3d 1061 [2011]).

As this latter principle of law suggests, there are essentially two steps to this Court's review of an attorney's motion to be relieved pursuant to *Anders*. First, the Court "must satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for *any* arguable claim that might support the client's appeal" (*Penson v Ohio*, 488 US at 83 [internal quotation marks omitted; emphasis added]; *see McCoy v Court of Appeals of Wis., Dist. 1*, 486 US 429, 442 [1988]; *see generally People v Stokes*, 95 NY2d at 635, 639; *People v Gonza-*

*lez*, 47 NY2d 606, 610 [1979]). Significantly, "[a]lthough an indigent whose appeal is frivolous has no right to have an advocate make his case to the appellate court, such an indigent does, in all cases, have the right to have an attorney, zealous for the indigent's interests, evaluate his case and attempt to discern nonfrivolous arguments" (*Smith v Robbins*, 528 US at 278 n 10; *see McCoy v Court of Appeals of Wis., Dist. 1*, 486 US at 438). As the Court of Appeals has observed, even when faced with a potentially frivolous appeal, assigned appellate counsel is "constitutionally required to act as an 'active advocate' on behalf of his or her client, not merely an adviser to the court on the merits of the appeal" (*People v Stokes*, 95 NY2d at 636, quoting *Anders v California*, 386 US at 744; *see People v Gonzalez*, 47 NY2d at 610).

"Every advocate has essentially the same professional responsibility whether he or she accepted a retainer from a paying client or an appointment from a court" (*McCoy v Court of Appeals of Wis., Dist. 1*, 486 US at 438). In the fulfillment of that responsibility, counsel should promptly obtain any transcripts, and consult with the client, as well as with trial counsel (*see People v Stokes*, 95 NY2d at 637, citing *People v Cruwys*, 113 AD2d 979, 980 [1985]; *People v Gonzalez*, 47 NY2d at 610-611). Further, assigned counsel "must master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal" (*McCoy v Court of Appeals of Wis., Dist. 1*, 486 US at 438). "In searching for the strongest arguments available, the attorney must be zealous and must resolve all doubts and ambiguous legal questions in favor of his or her client" (*id.* at 444). Only after such a diligent and conscientious examination of the case will counsel be in a position to determine that there are no nonfrivolous issues to raise on appeal. Once that determination is made, as previously noted, counsel must file a brief "reciting the underlying facts and highlighting anything in the record that might arguably support the appeal" (*People v Saunders*, 52 AD2d at 833; *see Anders v California*, 386 US at 744; *People v Stokes*, 95 NY2d at 637).

The filing of a sufficient *Anders* brief is essential to ensuring that an indigent party's rights are protected. Requiring counsel to submit a brief referring to anything in the record that might support the appeal ensures that assigned counsel acted as an advocate, rather than as a mere advisor to the court on the merits of the appeal (*see Anders v California*, 386 US at 745).

"[I]n marginal cases, it also provides an independent inducement to counsel to perform a diligent review" (*Penson v Ohio*, 488 US at 81 n 4 ["If . . . counsel's ultimate evaluation of the case must be supported by a written opinion 'referring to anything in the record that might arguably support the appeal' . . . the temptation to discharge an obligation in summary fashion is avoided" (488 US at 82 n 4 [internal quotation marks and citations omitted])]). Just as importantly, a sufficient *Anders* brief permits the court to "vigorously" perform its own review "because of the ready references not only to the record, but also to the legal authorities as furnished . . . by counsel" (*Anders v California*, 386 US at 745). Finally, the *Anders* brief "serves the valuable purpose of assisting the court in determining . . . that counsel in fact conducted the required detailed review of the case" (*Penson v Ohio*, 488 US at 81).

The Court of Appeals' decisions in *Stokes* and *Gonzalez* provide guidance as to what will be considered a deficient brief. In *Stokes,* assigned counsel submitted a brief identifying two potential appellate issues—that the verdict was against the weight of the evidence and that the sentence imposed was excessive—however, the discussion of these two issues contained significant legal errors (*see People v Stokes*, 95 NY2d at 638-639). Moreover, the brief contained "no reference whatsoever to the evidence at trial" or to defense counsel's objections at trial (*id.* at 639). In *Gonzalez,* assigned counsel submitted a brief which summarized the evidence, stated that "in the opinion of the writer there were no points to be raised" on appeal, and then set forth four bare point-headings reciting points that the defendant desired to have raised (*see People v Gonzalez*, 47 NY2d at 607). In holding that this brief was "wholly deficient," the Court observed that it contained a "lengthy, indiscriminate narrative of the facts," failed to "relate the facts to the points later stated," failed to analyze the credibility of the People's witness, and, while it recited defense counsel's objections to the admission of testimony, failed to assess "the legal efficacy of the objection" (*id.* at 610, 611). Similarly, in *People v Barger* (72 AD3d 696 [2010]), this Court held that counsel's *Anders* brief was deficient where it "contained no reference to pretrial proceedings, merely mentioned that a jury trial was held without reciting the evidence presented at the trial, and did not analyze whether any possible issues for appeal arose from the pretrial proceedings, the trial, or the sentencing proceeding" (*People v Barger*, 72 AD3d at 697; *see People v Henry*, 143 AD2d 277, 278 [1988]).

■ As these cases demonstrate, counsel must, at a minimum, draw the Court's attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority. Counsel cannot merely recite the underlying facts, and state a bare conclusion that, after reviewing the record and discussing the case with the client, it is the writer's opinion that there are no nonfrivolous issues to be raised on appeal (*see People v Gonzalez*, 47 NY2d at 607; *see also Penson v Ohio*, 488 US at 80; *People v Truss*, 287 AD2d 750, 751 ["An *Anders* brief must be a thorough, lawyer-like piece of work that reveals counsel's conscientious examination of the facts and law involved in appellant's case" (internal quotation marks omitted)]). If this Court were to accept such a deficient brief, it would deprive the indigent appellant of his or her right to an advocate, who bears the responsibility of conducting the initial review of the record, and determining whether any nonfrivolous issue exists that can be raised on appeal. Accordingly, where counsel has failed in his or her role as advocate by filing a deficient brief, on this basis alone, new counsel will be assigned to represent the appellant on the appeal (*see People v Barger*, 72 AD3d 696 [2010]; *People v Henry*, 143 AD2d at 278; *see generally Penson v Ohio*, 488 US at 83; *McCoy v Court of Appeals of Wis., Dist. 1*, 486 US at 442).

If the Court is satisfied, however, that counsel diligently examined the case on the indigent appellant's behalf, the next step in the Court's review is to determine, based upon an independent review of the record, whether counsel's assessment that there are no nonfrivolous issues for appeal is correct (*see Penson v Ohio*, 488 US at 84; *Anders v California*, 386 US at 741-742). In analyzing whether nonfrivolous appellate issues exist, it is essential to appreciate the distinction between a potential appellate argument that is merely meritless or unlikely to prevail and one that is frivolous.

In *Anders*, the Supreme Court rejected, as falling below constitutional standards, the procedure utilized by a California District Court of Appeal, whereby the court, upon receiving a letter advising that counsel was "of the opinion that there [was] no merit to the appeal" and thus would not be filing a brief, examined the record itself, and finding no merit to an appeal, affirmed the judgment (*Anders v California*, 386 US at 742). The procedure was rejected in significant part because it "did

not require either counsel or the court to determine that the appeal was frivolous; instead, the procedure required only that they determine that the defendant was unlikely to prevail on appeal" (*Smith Robbins*, 528 US at 279; *see Anders v California*, 386 US at 743). There must, however, be a finding of frivolity, not merely an evaluation of the likelihood that the defendant will prevail on the merits, because the exception to the constitutional requirement that certain indigent parties receive representation on appeal is predicated on the fact that the Fourteenth Amendment does not require appointed counsel to press "wholly frivolous arguments" (*Penson v Ohio*, 488 US at 83-84). Thus, "once a court determines that the trial record supports arguable claims, there is no basis for the exception" and the indigent appellant "is entitled to representation" (*id.* at 84).

Accordingly, it is inappropriate for this Court to analyze the merits of any particular appellate issue where the appellant has not received the benefit of a merits-based brief prepared by counsel (*see Anders v California*, 386 US at 743; *Penson v Ohio*, 488 US at 83-84; *People v Casiano*, 67 NY2d 906, 907 [where counsel submitted a brief pursuant to *Anders* without consulting with the defendant or "analyzing the issues presented by the record," the Appellate Division erred in affirming the judgment based upon its determination that, although the record presented arguable issues, none warranted reversal]). As the Court of Appeals, and this Court, have recognized, "[t]here is no substitute for the single-minded advocacy of appellate counsel. Experience has demonstrated that they not infrequently advance contentions which might otherwise escape the attention of judges of busy appellate courts, no matter how conscientiously and carefully those judges read the records before them" (*People v Emmett*, 25 NY2d 354, 356 [1969]; *see People v Casiano*, 67 NY2d at 907; *People v Gonzalez*, 47 NY2d at 611; *People v Barger*, 72 AD3d at 697; *People v Henry*, 143 AD2d at 278). It is for this reason that the Court of Appeals has "consistently recognized . . . the need to ensure that the *Anders* exception is carefully scrutinized and applied" (*People v Stokes*, 95 NY2d at 636). Indeed, "[t]he obvious goal of *Anders* was to prevent [the one] limitation on the right to appellate counsel from swallowing the right itself" (*Smith v Robbins*, 528 US at 278).

The question, therefore, to be answered by this Court in every *Anders* case is only whether "the appeal lacks any basis in law or fact" (*McCoy v Court of Appeals of Wis., Dist. 1*, 486 US at 439 n 10). In other words, the question is not whether the ap-

peal presents any issues that have merit, but whether it presents any issues that are "arguable" on the merits (*Anders v California*, 386 US at 744; *see Smith v Robbins*, 528 US at 280).

 Turning, then, to the present appeal, counsel's *Anders* application fails on both levels of review. The appeal in this case is from a fact-finding order of the Family Court, finding that the mother neglected the subject child, based upon allegations that she sold drugs in the presence of the child. The order was made after the Administration for Children's Services (hereinafter ACS) presented its evidence at a fact-finding hearing, at which point the mother moved to dismiss the petition, and ACS cross-moved for summary judgment on the petition. The Family Court, in effect, denied the mother's motion, and awarded ACS summary judgment on the petition.

The *Anders* brief filed by assigned counsel for the mother contains a four-page statement of facts, in which he reviews the testimony given by the sole witness (a police officer) presented by ACS, and ACS's documentary evidence. The brief reviews only the witness's direct testimony, not the mother's counsel's cross-examination, and does not identify and evaluate the mother's counsel's objections. Significantly, although this case was resolved on motions, counsel's brief merely states that motions were made, and indicates how they were decided, but does not include any summary of the arguments made by the parties. Finally, counsel failed to analyze any possible appellate issues or "highlight[ ] anything in the record that might arguably support the appeal" (*People v Saunders*, 52 AD2d at 833; *see Anders v California*, 386 US at 744; *People v Stokes*, 95 NY2d at 637). To the contrary, the "argument" section of counsel's brief merely states in conclusory fashion: "The undersigned has fully analyzed the record below, performed the necessary legal research, and it is my legal opinion that there are no nonfrivolous issues to raise on appeal." Accordingly, counsel failed in his role as advocate by filing a deficient brief, and, on this basis alone, the mother is entitled to new counsel (*see People v Barger*, 72 AD3d 696 [2010]; *People v Henry*, 143 AD2d at 278; *see generally Penson v Ohio*, 488 US at 83; *McCoy v Court of Appeals of Wis., Dist. 1*, 486 US at 442).

We also note that based upon an independent review of the record, we find that the record presents nonfrivolous issues including, but not limited to, whether ACS met its burden of showing that, as alleged in the petition, the mother was involved in a drug sale in the child's presence; whether ACS's evidence was insufficient to establish neglect, at least as a matter of law

(*see Matter of Charisma D. [Sandra R.]*, 67 AD3d 404, 404-405 [2009]); and relatedly, whether the matter was improperly decided on a motion for summary judgment.

In sum, regardless of the likelihood that the mother will prevail on her appeal, she is entitled to an advocate to properly evaluate and argue the case on her behalf. Accordingly, the motion is granted, assigned counsel for the appellant is relieved, and he is directed to turn over all papers in his possession to new counsel assigned herein; Carol Kahn, 225 Broadway, Suite 1510, New York, N.Y., 10007, (212) 227-0206, is assigned as counsel to perfect the appeal from the fact-finding order dated June 29, 2010; and new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this opinion and order and the respondent shall serve and file its brief within 120 days of the date of this opinion and order. By prior order on certification of this Court, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

RIVERA, J.P., HALL and AUSTIN, JJ., concur.

Ordered that the motion is granted, Austin I. Idehen is relieved as counsel for the appellant, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Carol Kahn, 225 Broadway, Suite 1510, New York, N.Y., 10007, (212) 227-0206, is assigned as counsel to perfect the appeal from the fact-finding order dated June 29, 2010; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this opinion and order and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior order on certification of this Court, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.