THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL A. WALL, Appellant. [963 NYS2d 596]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated June 18, 2012, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Robert C. Mitchell for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,

Ordered that Steven A. Feldman, Esq., 626 RXR Plaza, West Tower, 6th Floor, Uniondale, N.Y., 11556, is assigned as counsel to prosecute the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the

briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738 [1967]) is deficient because it is virtually devoid of a statement of facts and fails to analyze potential appellate issues (*see People v Singleton*, 101 AD3d 909, 910 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]). Inasmuch as the brief does not demonstrate that assigned counsel acted "as an active advocate on behalf of his . . . client" (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 256 [internal quotation marks omitted]), we must assign new counsel to represent the appellant (*see People v Singleton*, 101 AD3d at 910; *People v Sanders*, 91 AD3d 798, 799 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258). Skelos, J.P., Angiolillo, Roman and Miller, JJ., concur.