■ In the Matter of CAMERON McC. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALICIA S., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of JADE McC. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALICIA S., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of JONATHAN McC. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALICIA S., Appellant, et al., Respondent. (Proceeding No. 3.) [976 NYS2d 884]—

In three related child neglect proceedings pursuant to Family Court Act article 10, the mother appeals from an order of factfinding and disposition of the County Court, Orange County (Kiedaisch, J.), dated January 13, 2012, which, upon her consent, found that she had neglected the subject children, and, after a dispositional hearing, placed her under the supervision of the Orange County Department of Social Services for a period of 12 months. The mother's assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which she moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Verna W. Cobb for leave to withdraw as counsel for the appellant is granted, and she is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,

Ordered that Edward Bruno, Esq., 15 Bruyn Avenue, Pine Bush, N.Y., 12566, is assigned as counsel to perfect the appeal; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion and the petitioner-respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated June 13, 2012, the appellant was granted leave to prosecute the appeal as a poor person, with the

appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738 [1967]), was deficient because it failed to identify potential appellate issues (*see People v Sanders*, 91 AD3d 798, 799 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]). Since the brief does not demonstrate that assigned counsel fulfilled her obligations under *Anders v California*, we must assign new counsel to represent the appellant (*see People v Sanders*, 91 AD3d at 799; *People v Foster*, 90 AD3d 1070, 1071 [2011]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258). Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.