■ In the Matter of NI-NA C. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; XIAO QING C., Appellant. (Proceeding No. 1.) In the Matter of KYLE C. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; XIAO QING C., Appellant. (Proceeding No. 2.) [5 NYS3d 224]—

Appeals from (1) an order of fact-finding of the Family Court, Queens County (Margaret P. McGowan, J.), dated January 30, 2014, and (2) an order of disposition of that court dated March 7, 2014. The order of fact-finding, after a hearing, found that the father neglected the subject children. The order of disposition, after a hearing, inter alia, awarded temporary custody of the subject children to the mother. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which she moves to be relieved of her assignment to prosecute these appeals.

Ordered that the motion is granted, assigned counsel is

relieved as counsel for the appellant, and she is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,

Ordered that Edward E. Caesar, 26 Court Street, Suite 2401, Brooklyn, N.Y., 11201, is assigned as counsel to perfect the appeals; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order, and the respondent shall serve and file its brief within 120 days of the date of this decision and order. By prior order on certification of this Court, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

There are two steps to this Court's review of an attorney's motion to be relieved pursuant to *Anders v California* (386 US 738 [1967]; *see Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 255 [2011]). First, "the Court 'must satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal' " (*id.*, quoting *Penson v Ohio*, 488 US 75, 83 [1988]). "If the Court is satisfied . . . that counsel diligently examined the case on the indigent appellant's behalf, the next step in the Court's review is to determine, based upon an independent review of the record, whether counsel's assessment that there are no nonfrivolous issues for appeal is correct" (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258).

Here, although we are satisfied that counsel diligently examined the case on the appellant's behalf, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the finding of neglect was supported by a preponderance of the evidence (*see* Family Ct Act §§ 1012 [f] [i]; 1046 [b] [i]), and whether the Family Court improvidently exercised its discretion in declining to award the father any visitation with the subject children. Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.