The People of the State of New York, Respondent,
against
Marvin A. Vasquez-Uceda, Appellant.




Andrew E. MacAskill, for appellant.
Nassau County District Attorney (Judith R. Sternberg and W. Thomas Hughes of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Joy M. Watson, J.), rendered August 30, 2017. The judgment convicted defendant, upon his plea of guilty, of endangering the welfare of a child, and imposed sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), seeking leave to withdraw as counsel.




ORDERED that the appeal is held in abeyance, the application by assigned counsel for leave to withdraw as counsel is granted, and new counsel is assigned to prosecute the appeal;
Steven A. Feldman, Esq.
Feldman & Feldman
626 Reckson Plaza
West Tower, 6th Floor
Uniondale, NY 11556 
new counsel is directed to serve and file a brief within 90 days after the date of this decision and order. The People may serve and file a respondent's brief within 21 days after the service upon them of the appellant's brief. Appellant's new counsel, if so advised, may serve and file a reply [*2]brief within seven days after service of the respondent's brief. Relieved counsel is directed to turn over all papers in his possession to the newly assigned counsel.
Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), setting forth his conclusion that there exist no nonfrivolous issues that could be raised on appeal. Counsel's Anders brief fails to analyze whether the count in the accusatory instrument charging defendant with endangering the welfare of a child, the charge to which defendant pleaded guilty, is legally sufficient. Thus, the brief does not demonstrate that assigned counsel acted as an active advocate for his client or that he diligently examined the record (see People v Murray, 169 AD3d 227, 234-235 [2019]; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255-256 [2011]; People v Bravo, 50 Misc 3d 132[A], 2015 NY Slip Op 51943[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). Moreover, as our independent review of the record reveals the existence of at least one nonfrivolous issue as to whether the count charging defendant with endangering the welfare of a child is jurisdictionally defective, we assign new counsel to ascertain whether defendant desires to raise this issue, and to prosecute the appeal on defendant's behalf with respect to this (see CPL 470.55 [2]) or any other issue that can be identified.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 06, 2019