People v Castelan (2022 NY Slip Op 01803)





People v Castelan


2022 NY Slip Op 01803


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2020-00246
 (Ind. No. 155/19)

[*1]The People of the State of New York, respondent,
v
Christian Castelan, appellant.


Richard L. Herzfeld, New York, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Robert H. Freehill, J.), rendered December 4, 2019, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Richard L. Herzfeld for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Warren S. Hecht, 118-21 Queens Blvd., Suite 518, Forest Hills, NY, 11375, is assigned as counsel to perfect the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated March 26, 2021, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
An appellate court's role in reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738) consists of two separate and distinct steps (see People v Murray, 169 AD3d 227, 231). The first step is the court's evaluation of assigned counsel's brief, "which must, to be adequate, discuss 'relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possibly issues for appeal, with reference to the facts of the case and relevant legal authority" (id. [*2]at 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258). The second step is to determine whether counsel's assessment that there are no nonfrivolous issues for appeal is correct (see People v Murray, 169 AD3d at 232; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
"In analyzing whether nonfrivolous appellate issues exist, it is essential to appreciate the distinction between a potential appellate argument that is merely meritless or unlikely to prevail and one that is frivolous" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). If the court concludes that there are nonfrivolous issues that could be raised on appeal, the court must assign new counsel to pursue the appeal on the defendant's behalf (see id.).
While we are satisfied with the sufficiency of the brief filed by the defendant's assigned counsel pursuant to Anders v California (386 US 738), upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the defendant's waiver of his right to appeal was valid (see People v Bisono, 36 NY3d 1013; People v Thomas, 34 NY3d 545), and whether the defendant's sentence was excessive (see People v Suitte, 90 AD2d 80).
Accordingly, the assignment of new counsel is warranted.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court