People v Johnson (2023 NY Slip Op 50291(U))

[*1]

People v Johnson (Robert)

2023 NY Slip Op 50291(U)

Decided on March 9, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 9, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, JAMES P. McCORMACK, JJ

2022-544 OR CR

The People of the State of New York, Respondent,
against
Robert Johnson, Appellant. 

Richard L. Herzfeld, for appellant.

Orange County District Attorney (Andrew R. Kass of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Wallkill, Orange County (Patrick S. Owen, J.), rendered June 14, 2022. The judgment convicted defendant, upon his plea of guilty, of petit larceny, and imposed sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), seeking leave to withdraw as counsel.

ORDERED that the appeal is held in abeyance, the application by assigned counsel for leave to withdraw as counsel is granted and new counsel is assigned pursuant to article 18-B of the County Law to prosecute the appeal;
Steven A. Feldman, Esq.
Feldman and Feldman
1129 Northern Boulevard, Suite 404
Manhasset, NY 11030
Relieved counsel is directed to turn over all papers in his possession to the newly assigned counsel. New counsel is directed to serve and file a brief within 90 days after the date of this order and decision. The People may serve and file a respondent's brief within 21 days [*2]after the service upon them of the appellant's brief. Appellant's new counsel, if so advised, may serve and file a reply brief within seven days after service of the respondent's brief.
Assigned counsel submitted an Anders brief setting forth the conclusion that there exist no nonfrivolous issues that could be raised on appeal (see Anders v California, 386 US 738 [1967]). However, the brief is deficient because it fails to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (see People v Murray, 169 AD3d 227 [2019]; People v Dimon, 164 AD3d 600 [2018]; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 256 [2011]). Furthermore, while the brief indicates that counsel's letter to defendant informed him that a challenge to the plea allocution would result in the reinstatement of the original charges and requested his written consent to raise the issue on appeal, the letter annexed to the brief does not contain any such language.
Moreover, upon our independent review of the record, we have determined that nonfrivolous issues exist in this case, including whether the dates set forth in the accusatory instrument and the supporting deposition rendered the accusatory instrument facially insufficient.
Accordingly, we hold the appeal in abeyance, grant assigned counsel's application for leave to withdraw as counsel and assign new counsel to ascertain whether defendant desires to raise the issue set forth above, and to prosecute the appeal on defendant's behalf with respect to this issue or any other issue that can be identified.
GARGUILO, P.J., DRISCOLL and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 9, 2023