Matter of Liana A. (Joseph A.) (2025 NY Slip Op 01089)

Matter of Liana A. (Joseph A.)

2025 NY Slip Op 01089

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2023-08279 ON MOTION
2023-08285
 (Docket Nos. N-12591-21, N-12592-21)

[*1]In the Matter of Liana A. (Anonymous). Suffolk County Department of Social Services, respondent; Joseph A. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Rayna A. (Anonymous). Suffolk County Department of Social Services, respondent; Joseph A. (Anonymous), appellant. (Proceeding No. 2.)

Thomas J. Butler, Melville, NY, for appellant.
Christopher J. Clayton, County Attorney, Central Islip, NY (Jayne M. St. James of counsel), for respondent (no brief filed).
Jordan M. Freundlich, Lake Success, NY, attorney for the children (no brief filed).

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Suffolk County (Caren Loguercio, J.), dated August 29, 2023, and (2) an order of fact-finding and disposition of the same court, also dated August 29, 2023. The order of fact-finding, after a fact-finding hearing, found that the father neglected the subject children. The order of fact-finding and disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, released the subject children to the custody of the nonrespondent mother. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Thomas J. Butler for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Abbe Shapiro, 5507-10 Nesconset Highway, Ste. 212, Mount Sinai, NY 11766, is assigned as counsel to prosecute the appeals; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent and the attorney for the children shall serve and file their briefs within 30 days after the brief on behalf of the appellant is served and filed. By order on certification of this Court dated October 2, 2023, the appellant was granted leave to prosecute the appeals as a party with insufficient means to pay costs, fees, and expenses, with the appeals to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties and the attorney for the [*2]children are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
The petitioner commenced these related neglect proceedings against the father of the two subject children. After fact-finding and dispositional hearings, the Family Court, inter alia, found that the father neglected the children and released the children to the nonrespondent mother. The father appeals.
The brief submitted by the father's assigned counsel pursuant to Anders v California (386 US 738) is deficient. "In analyzing whether nonfrivolous appellate issues exist, it is essential to appreciate the distinction between a potential appellate argument that is merely meritless or unlikely to prevail and one that is frivolous" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258). "[T]he question is not whether the appeal presents any issues that have merit, but whether it presents any issues that are 'arguable' on the merits" (id. at 259-260, quoting Anders v California, 386 US at 744; see Smith v Robbins, 528 US 259, 280). "Appeals that present issues that may be arguable on their merits—even if weakly or marginally so—must be perfected to fulfill the [appellant's] right to receive, and the attorney's obligation to provide, zealous representation" (People v Murray, 169 AD3d 227, 231).
Here, rather than acting as an advocate and evaluating whether there were any nonfrivolous issues to raise on appeal, assigned counsel has acted as "a mere advisor to the court," opining on the merits of the appeals (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256; see Matter of Thomas v Mobley, 195 AD3d 933, 934). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the father (see Matter of Thomas v Mobley, 195 AD3d at 934).
BARROS, J.P., CHRISTOPHER, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court