People v Ramirez (2025 NY Slip Op 01392)

People v Ramirez

2025 NY Slip Op 01392

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2019-12371 ON MOTION

[*1]The People of the State of New York, respondent,
v
Benjamin Ramirez, appellant. (S.C.I. No. 1792/19)

Patricia Pazner, New York, NY (Anna Kou of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle M. O'Boyle of counsel; Miles Palminteri on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Karen Gopee, J., at plea; Suzanne Melendez, J., at sentence), rendered October 1, 2019, convicting him of operating a motor vehicle while under the influence of alcohol, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which she moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Patricia Pazner for leave to withdraw as counsel for the appellant is granted, and she is directed to turn over all papers in her possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Twyla Carter, The Legal Aid Society, 199 Water Street, 5th Floor,
New York, NY 10038 is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By order dated October 1, 2019, the Supreme Court, Queens County, granted an application pursuant to CPL former 380.55 for a waiver of costs, fees, and expenses and the assignment of counsel. By prior decision and order on motion of this Court dated November 21, 2019, this Court directed that the appeal be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
An appellate court's role in reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738) consists of two separate and distinct steps (see People v Murray, 169 AD3d 227, 231-232). Step one requires the appellate court to perform "[an] evaluation of assigned counsel's brief, which must, to be adequate, discuss 'relevant evidence, with specific [*2]references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority'" (id. at 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258). If the court is satisfied with the sufficiency of the brief, the court reaches step two, which requires the court to perform "an 'independent review of the record' to determine whether 'counsel's assessment that there are no nonfrivolous issues for appeal is correct'" (id.).
Here, the brief submitted by the defendant's counsel pursuant to Anders v California is deficient because it fails to adequately highlight facts in the record that might arguably support the appeal (see People v Areizaga, 198 AD3d 981, 982; People v Lamery, 186 AD3d 1400, 1402) or to adequately analyze potential appellate issues, including, but not necessarily limited to, whether the orders of protection were validly entered (see People v Gonzalez, 207 AD3d 656, 657; People v Lopez, 200 AD3d 805, 806). Since the brief does not demonstrate that assigned counsel fulfilled her obligations under Anders v California, we must assign new counsel to represent the defendant (see People v Velez, 176 AD3d 1239, 1240; People v Nikac, 175 AD3d 1323, 1324).
DUFFY, J.P., WOOTEN, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court