People v Bentivegna (2025 NY Slip Op 04186)

People v Bentivegna

2025 NY Slip Op 04186

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2024-00202
2024-00205

[*1]The People of the State of New York, respondent,
v
Nicholas Bentivegna, appellant. (S.C.I. Nos. 70742/21, 70743/21)

Leon H. Tracy, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jared A. Chester of counsel; Matthew C. Frankel on the brief), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Nassau County (Tammy S. Robbins, J., at pleas; Philippe Solages, Jr., J., at sentences), both rendered June 6, 2023, convicting him of criminal obstruction of breathing or blood circulation and criminal contempt in the first degree under Superior Court Information No. 70742/21, and aggravated criminal contempt under Superior Court Information No. 70743/21, upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Leon H. Tracy for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Bruce R. Bekritsky, One Old Country Road, Suite 347, Carle Place, New York 11514, is assigned as counsel to prosecute the appeals; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated April 12, 2024, the appellant was granted a waiver of costs, fees, and expenses and the assignment of counsel, with the appeals to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court "[f]irst . . . must satisfy itself that the attorney has provided the client with a [*2]diligent and thorough search of the record for any arguable claim that might support the . . . appeal" (McCoy v Court of Appeals of Wis., Dist. 1, 486 US 429, 442; see Penson v Ohio, 488 US 75, 83). "In analyzing whether nonfrivolous appellate issues exist, it is essential to appreciate the distinction between a potential appellate argument that is merely meritless or unlikely to prevail and one that is frivolous" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258). "[T]he question is not whether the appeal presents any issues that have merit, but whether it presents any issues that are 'arguable' on the merits" (id. at 259-260, quoting Anders v California, 386 US at 744). "Appeals that present issues that may be arguable on their merits—even if weakly or marginally so—must be perfected to fulfill the defendant's right to receive, and the attorney's obligation to provide, zealous representation" (People v Murray, 169 AD3d 227, 231).
Here, "rather than acting as an advocate and evaluating whether there were any nonfrivolous issues to raise on appeal, assigned counsel has acted as 'a mere advisor to the court,' opining on the merits of the appeals" (Matter of Liana A. [Joseph A.], 235 AD3d 969, 970, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256; see People v Brown, 236 AD3d 919, 920).
Further, upon this Court's independent review of the record, we conclude, as the People correctly concede, that nonfrivolous issues exist. These include, but are not necessarily limited to, whether an inquiry into the defendant's postplea assertions of innocence was warranted and whether there was "'an affirmative showing on the record' that the defendant waived his constitutional rights" (People v Tyrell, 22 NY3d 359, 365, quoting People v Fiumefreddo, 82 NY2d 536, 543) so as to demonstrate that his pleas of guilty were made voluntarily, knowingly, and intelligently.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court