People v Hough (2025 NY Slip Op 05822)

People v Hough

2025 NY Slip Op 05822

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-04805 ON MOTION
 (Ind. No. 72272/22)

[*1]The People of the State of New York, respondent,
v
Dwayne Hough, appellant.

Leon H. Tracey, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley of counsel; Matthew C. Frankel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Terence P. Murphy, J.), rendered May 15, 2024, convicting him of attempted criminal sale of a controlled substance in the third degree and assault in the third degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Leon H. Tracy for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Steven A. Feldman, 1129 Northern Blvd., Suite 404, Manhasset, New York 11030, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated July 26, 2024, pursuant to CPL 380.55(2), this Court directed that the appeal be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
"An appellate court's role in reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738) consists of two separate and distinct steps" (People v Bolton, 216 AD3d 812, 813). First, the court evaluates assigned counsel's brief, "which must, to be adequate, discuss 'relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority'" (People v Murray, 169 [*2]AD3d 227, 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258). "The second step is to determine whether counsel's assessment that there are no nonfrivolous issues for appeal is correct" (People v Bolton, 216 AD3d at 813; see Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). "In analyzing whether nonfrivolous appellate issues exist, it is essential to appreciate the distinction between a potential appellate argument that is merely meritless or unlikely to prevail and one that is frivolous" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). "Appeals that present issues that may be arguable on their merits—even if weakly or marginally so—must be perfected to fulfill the defendant's right to receive, and the attorney's obligation to provide, zealous representation" (People v Murray, 169 AD3d at 231). If the court concludes that nonfrivolous issues could be raised on appeal, the court must assign new counsel to pursue the appeal on the defendant's behalf (see People v Bolton, 216 AD3d at 813-814; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Here, while we are satisfied with the sufficiency of the brief filed by assigned counsel, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the defendant's waiver of his right to appeal was valid (see People v Martines, 239 AD3d 772) and whether the period of postrelease supervision imposed as part of the sentence was excessive (see generally People v Suitte, 90 AD2d 80).
DILLON, J.P., WARHIT, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court