People v Coghiel (2026 NY Slip Op 01217)

People v Coghiel

2026 NY Slip Op 01217

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2025-02721
 (Ind. No. 71140/23)

[*1]The People of the State of New York, respondent,
vTyrese Coghiel, appellant.

Jason M. Bernheimer, Chappaqua, NY, for appellant.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (George E. Fufidio, Jr., J.), rendered February 20, 2025, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Jason M. Bernheimer for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Thomas R. Villecco, 30 Wall St., 8th Fl., New York, NY 10005, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated April 18, 2025, the appellant was granted a waiver of costs, fees, and expenses and the assignment of counsel, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first "'satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83). "[C]ounsel must, at a minimum, draw the Court's attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258; see People v Collins, 239 AD3d 990, 991). "Counsel cannot merely recite the underlying facts, and state a bare conclusion [*2]that, after reviewing the record and discussing the case with the client, it is the writer's opinion that there are no nonfrivolous issues to be raised on appeal" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). If assigned counsel's Anders brief is deficient in this respect, "new counsel must be assigned to perform a new appellate review" (People v Collins, 239 AD3d at 991 [internal quotation marks omitted]).
Here, the brief submitted by assigned counsel pursuant to Anders v California is deficient because it fails to analyze potential legal issues with reference to the facts of the case and relevant legal authority (see People v Telesco, 235 AD3d 910, 912; People v Norberto, 234 AD3d 795). The analysis does little more than assert the conclusory opinion of assigned counsel that there are no nonfrivolous issues to raise on appeal (see People v Norberto, 234 AD3d at 796; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the defendant (see People v Santos, 180 AD3d 941, 942; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256).
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court