People v Raimo
2026 NY Slip Op 02678
April 29, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Olivia Raimo, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on April 29, 2026
2024-09343 ON MOTION, (Ind. No. 383/20)
Angela G. Iannacci, J.P.
Deborah A. Dowling
Lourdes M. Ventura
Donna-Marie E. Golia, JJ.

Jason M. Bernheimer, Chappaqua, NY, for appellant, and appellant pro se.
Susan Cacace, District Attorney, White Plains, NY (Raffaelina Gianfrancesco of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered January 13, 2022, convicting her of attempted murder in the second degree, upon her plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Jason M. Bernheimer for leave to withdraw as counsel for the appellant is granted, and Jason M. Bernheimer is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Gerald Zuckerman, PO Box 392, Croton-On-Hudson, NY 10520, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated March 5, 2025, the appellant was granted a waiver of costs, fees, and expenses and the assignment of counsel, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first "'satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255 [emphasis omitted], quoting Penson v Ohio, 488 US 75, 83). "An adequate Anders brief 'must, at a minimum, draw the Court's attention to the [*2]relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority'" (People v Anthony, 245 AD3d 821, 822, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258; see People v Murray, 169 AD3d 227, 231-232). "[W]here counsel has failed in his or her role as advocate by filing a deficient brief, on this basis alone, new counsel will be assigned to represent the appellant on the appeal" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258; see People v Anthony, 245 AD3d at 822).
Here, the brief submitted by assigned counsel pursuant to Anders v California is deficient because it fails to properly review all the facts, including those contained in the presentence investigation report, fails to analyze potential appellate issues, and does not discuss the basis of certain conclusions, including the conclusory assertion that the appeal waiver was valid (see People v Anthony, 245 AD3d at 822-823; People v Collins, 239 AD3d 990, 991; People v Ramirez, 236 AD3d 822, 824).
Further, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the defendant's waiver of her right to appeal was valid (see People v Thomas, 34 NY3d 545) and whether the defendant's sentence was excessive (see People v Suitte, 90 AD2d 80).
IANNACCI, J.P., DOWLING, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court