■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABRAHAM LOWERY, Also Known as THOMAS MOORE, Also Known as IKE LITTLE, Appellant. — Appeal from judgment, Supreme Court, New York County (Lang, J.), rendered June 13, 1980, convicting defendant upon his pleas of guilty to criminal sale of a controlled substance in the third degree and grand larceny in the third degree, and sentencing him to concurrent terms of 1 to 3 years and 0 to 3 years, held in abeyance; motion by assigned counsel to be relieved, denied without prejudice and assigned counsel directed to serve a supplemental brief within 60 days of this court's order in accordance herewith. Assigned counsel seeks to be relieved, stating that after a thorough review of the record he is of the opinion that there are no valid issues that could legitimately be raised on an appeal. In opposition to counsel's application, the defendant has filed a sworn statement asserting that (1) a motion to dismiss the indictment had been made and not disposed of, premised upon the ground that defendant had been denied an opportunity to appear before the Grand Jury, despite his request to do so; and (2) defendant's grand larceny plea in 1980 to two 1974 indictments was made long after the People had lost the right to prosecute said cases by reason

of the denial of a speedy trial. We are unable on this record to pass on whether there is merit to defendant's contentions or whether they present appealable issues or provide a basis for other procedures. However, assigned counsel has an obligation to investigate and inquire as to the possible merit of such claims. It is the obligation of counsel to set forth in his application the possible issues and to indicate the reason why in his opinion they lack merit. Counsel is required to make reference in his brief to all matters in the record which might arguably support the appeal. A mere mechanical statement that there are no valid issues that could legitimately be raised on an appeal is insufficient (*Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833). Equally inappropriate is the suggestion that the court should consider any argument raised by defendant-appellant in person. Counsel is directed to comply with the requisite procedure within 60 days from the date of this court's order. Concur — Carro, J. P., Markewich, Silverman, Bloom and Fein, JJ.