(February 19, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD DIAZ, Appellant.—Appeal from judgment of the Supreme Court, Bronx County (Alfred J. Callahan, J., at *Wade* hearing; George Covington, J., at plea and sentence), rendered November 4, 1981, convicting defendant, upon his plea of guilty, of robbery in the first degree (two counts), robbery in the second degree, and criminal possession of a weapon in the fourth degree (two counts) and sentencing him to a term of from 2 to 6 years, held in abeyance pending receipt of a supplemental appellant's brief; motion by assigned counsel to be relieved is denied, without prejudice, and assigned counsel is directed to serve a supplemental brief within 60 days of this court's order.

We have previously noted in discussing an application to withdraw as assigned counsel that: "It is the obligation of counsel to set forth in his application the possible issues and to indicate the reason why in his opinion they lack merit. Counsel is required to make reference in his brief to all matters in the record which might arguably support the appeal. A mere mechanical statement that there are no valid

issues that could legitimately be raised on an appeal is insufficient *(Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833)." *(People v Lowery,* 86 AD2d 537, 538.)

The brief filed by assigned counsel herein completely fails to make any mention of a *Wade* hearing that was conducted pursuant to defendant's motion to suppress the complainant's lineup identification of him. Accordingly, counsel shall file a supplemental appellant's brief within 60 days of this court's order, addressing the *Wade* hearing and determining whether it presents any nonfrivolous issues that should be considered on appeal.

Further, counsel's letter to defendant, with a copy of the brief filed with this court, does not meet the requirements of *People v Saunders (supra).* That letter makes no reference to the *Wade* hearing, which may have misled defendant to believe that issues arising from the hearing court's determination were not appealable. Also, counsel erroneously referred defendant to a *People v Saunders* case decided by the Court of Appeals involving unrelated issues. This also may have misled defendant in his assessment of his rights. Concur—Murphy, P. J., Sullivan, Asch and Wallach, JJ.