■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME THOMPSON, Appellant.—Appeal from the judgment of the Supreme Court, New York County (Luis Neco, J., at suppression hearing; Frederic S. Berman, J., at renegotiated plea and sentence), rendered on June 22, 1987, convicting defendant, upon his plea of guilty, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of from 4 to 8 years, is recalendared for hearing before a new panel of this court comprised of those Justices hearing appeals on the day of argument hereof, and the motion by assigned counsel to be relieved granted, without compensation, and the assignment of new counsel directed.

Assigned counsel who file an *Anders-Saunders* brief *(Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833), seeking to withdraw, have an obligation not only to investigate the possible merit of any issue, but also to indicate the reasons which lead them to the conclusion that they lack merit *(People v Lowery,* 86 AD2d 537). All matters in the

record which might arguably support the appeal should be referred to and discussed (see, *People v Gonzalez,* 47 NY2d 606, 611).

Assigned counsel has filed a 16-page brief which reviews the *Huntley* hearing and the June 22, 1987 renegotiated plea and sentencing proceeding, and concludes that these proceedings present no nonfrivolous issues. However, as noted by the People, the court which accepted defendant's plea on June 22, 1987 did not conduct a full plea allocution, apparently relying on the initial plea proceeding on May 4, 1987. This earlier proceeding is not discussed by assigned counsel and the minutes have not been provided to us.

Furthermore, defendant in his *pro se* supplemental brief submits counsel failed to raise an issue as to whether defendant's request for substitute trial counsel on January 13, 1987 was improperly denied. Again, assigned counsel did not order the minutes of this proceeding and did not raise the issue in his brief. While the People did order the minutes, and they are before us, they contain a reference to a prior request by defendant for substitute counsel. The minutes of this prior request, as well as the minutes of the May 4, 1987 plea proceeding, were apparently never ordered and, of course, are not discussed in assigned counsel's brief.

Accordingly, since there has not been a "conscientious examination of the record and the law" *(People v Gonzalez, supra,* at 611) by assigned counsel, and neither the defendant's *pro se* brief nor our own review can provide a substitute for the advocacy of appellate counsel (see, *People v Casiano,* 67 NY2d 906), we direct the assignment of new counsel for defendant and the recalendaring of this appeal. Concur—Sullivan, J. P., Asch, Kassal and Ellerin, JJ.