THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER JOHNSON, Appellant. [2 NYS3d 919]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Carter, J.), rendered November 20, 2013, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Bruce R. Bekritsky for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,

Ordered that Mark Diamond, Esq., Box 287356, Yorkville Station, New York, N.Y. 10128, is assigned as counsel to prosecute the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated February 11, 2014, the appellant was

granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738 [1967]), is deficient because it fails to contain an adequate statement of facts and fails to analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see People v McNair*, 110 AD3d 742, 743 [2013]; *People v Singleton*, 101 AD3d 909, 910 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]). Specifically, the statement of facts does not review, in any detail, the Supreme Court's advisements to the defendant regarding the rights he was waiving, the inquiries made of the defendant to ensure that the plea was knowing and voluntary, or the defendant's responses to any of those advisements and inquiries (*see People v Sedita*, 113 AD3d 638, 639 [2014]). Nor does it provide any detail regarding the defendant's factual admissions as to the crime charged (*see id.*). Moreover, there is no analysis as to the validity of the waiver of the right to appeal with citation to legal authority (*see id.* at 640). In addition, the brief does not reference, in detail, the facts relating to the suppression hearing and relevant legal authority. Since the brief does not demonstrate that assigned counsel fulfilled his obligations under *Anders v California*, we must assign new counsel to represent the appellant (*see People v Emrich*, 114 AD3d 872, 873 [2014]; *People v McNair*, 110 AD3d at 743; *People v Singleton*, 101 AD3d at 910; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258). Rivera, J.P., Chambers, Miller and Duffy, JJ., concur.