People v Rodriguez (2020 NY Slip Op 04590)





People v Rodriguez


2020 NY Slip Op 04590


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-13778 ON MOTION
 (Ind. No. 929/17)

[*1]The People of the State of New York, respondent,
v
Joe Rodriguez, appellant. Bruce R. Bekritsky, Mineola, NY, for appellant.


Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley and Matthew C. Frankel of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. Schwartz, J.), rendered September 8, 2017, convicting him of criminal possession of a controlled substance in the second degree and criminal possession of a firearm, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Bruce R. Bekritsky for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Andrew E. MacAskill, 734 Franklin Avenue, #734, Garden City, NY 11530, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated April 30, 2019, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to file one original and five duplicate hard copies, and one digital copy, of their respective briefs, and to serve one hard copy on each other (see 22 NYCRR 1250.9[a][4]; [c][1]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first " satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83). "[C]ounsel must, at a minimum, draw the Court's attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, [*2]or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 255).
The brief submitted by the appellant's counsel pursuant to Anders v California (386 US 738) is deficient. It does not address, inter alia, the colloquy regarding the defendant's purported waiver of his right to appeal, or address whether the sentence imposed was excessive (see People v McCalla, 160 AD3d 662, 663; People v Ferretti, 148 AD3d 720, 721; People v Swenson, 130 AD3d 848, 849; People v Sedita, 113 AD3d 638, 639-640; cf. People v Murray, 169 AD3d 227). Since the defendant did not receive the minimum sentence authorized by statute (see Penal Law 70.71[3][b][ii]), counsel's failure to identify and analyze the appellate waiver and the sentence was consequential (cf. People v Murray, 169 AD3d at 234-235). After reciting the facts related to the defendant's plea and sentence, the brief states in a conclusory fashion that no nonfrivolous issues exist (see Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the appellant (see People v Rivera, 142 AD3d 512, 513; People v Parker,135 AD3d 966, 968; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
DILLON, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court