People v Bowen (2021 NY Slip Op 08242)





People v Bowen


2021 NY Slip Op 08242


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-02732 ON MOTION

[*1]The People of the State of New York, respondent,
v
Michael Bowen, appellant. (S.C.I. No. 1530/18)


Joseph A. Hanshe, Sayville, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Guy Arcidiacono of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (William J. Condon, J.), rendered November 1, 2018, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Joseph A. Hanshe for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Richard L. Herzfeld, 112 Madison Avenue, 8th Floor, New York, NY, 10016, is assigned as counsel to perfect the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated July 23, 2019, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to file one original and five duplicate hard copies, and one digital copy, of their respective briefs, and to serve one hard copy on each other (see 22 NYCRR 1250.9[a][4]; [c][1]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first "'satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83). An adequate Anders brief "must, at a minimum, draw the Court's attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, [*2]applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258; see People v Murray, 169 AD3d 227, 232). "[W]here counsel has failed in his or her role as advocate by filing a deficient brief, on this basis alone, new counsel will be assigned to represent the appellant on the appeal" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258; see People v Gonzalez, 47 NY2d 606, 611-612; People v Beatty, 173 AD3d 1197, 1198).
Here, the brief submitted by the defendant's assigned counsel pursuant to Anders is deficient. After setting forth a procedural history of the case, assigned counsel's brief merely recited the general standard applicable to an attorney's motion to be relieved pursuant to Anders, and then stated, in conclusory fashion, that upon an examination of the record there were no nonfrivolous issues that could be raised on this appeal. "A mere mechanical statement that there are no valid issues that could legitimately be raised on an appeal is insufficient" (People v Lowery, 86 AD2d 537, 538; see People v Gonzalez, 47 NY2d at 611-612; People v Cummings, 173 AD3d 760, 761-762; People v Randolph, 156 AD3d 818, 819-820; People v Diaz, 127 AD2d 511, 511-512; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 260). Assigned counsel's brief failed to analyze any potential appellate issues at all, including, but not necessarily limited to, whether the defendant's plea of guilty was entered knowingly, intelligently, and voluntarily (see People v Robinson, 175 AD3d 719, 721; People v Wilson, 161 AD3d 785, 786; People v Randolph, 156 AD3d at 819-820; People v Sedita, 113 AD3d 638, 640), or whether this Court has any discretion to reduce the sentence in the interest of justice (see People v Gonzalez, 47 NY2d at 611-612). "[I]t is inappropriate for this Court to analyze the merits of any particular appellate issue where the appellant has not received the benefit of a merits-based brief prepared by counsel" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 259; see People v Gonzalez, 47 NY2d at 611-612). Accordingly, under the circumstances, we must assign new counsel to represent the defendant.
CHAMBERS, J.P., MILLER, DUFFY, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court