People v Passantino (2022 NY Slip Op 02136)





People v Passantino


2022 NY Slip Op 02136


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2020-05730

[*1]The People of the State of New York, respondent,
v
Robert J. Passantino, appellant. 


Adam Seiden, Mount Vernon, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfrancesco of counsel), for respondent (no brief filed).



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Michael A. Martinelli, J., at plea; Melissa A. Loehr, J., at sentence), rendered March 9, 2020, convicting him of driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2), upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Adam Seiden for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Mark Diamond, P.O. Box 287359, Yorkville Station, NY 10128, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated March 12, 2021, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
The brief submitted by the appellant's counsel pursuant to Anders v California (386 US 738) is deficient because it fails to contain an adequate statement of facts and fails to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (see People v London, 198 AD3d 920, 921; People v Morales, 180 AD3d 934, 934-935; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 256). Moreover, upon this Court's independent [*2]review of the record, we conclude that there are nonfrivolous issues in this case, including, but not necessarily limited to, the validity of the appeal waiver and whether the portion of the defendant's sentence directing him to install an ignition interlock device on any vehicle he owns or operates for a period of three years was excessive (see People v London, 198 AD3d at 922; People v Rodriguez, 186 AD3d 749, 750).
BARROS, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court