People v Ponce (2023 NY Slip Op 06060)

People v Ponce

2023 NY Slip Op 06060

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-01251
2022-09256
 (Ind. No. 2060/19, S.C.I. No. 1590/21)

[*1]The People of the State of New York, respondent,
v
Raul Ponce, appellant.

Richard M. Langone, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Hilda Mortensen of counsel; Matthew C. Frankel on the brief), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Nassau County (Helene F. Gugerty, J.), both rendered January 25, 2022, convicting him of murder in the second degree (two counts) under Indictment No. 2060/19, and manslaughter in the first degree (two counts) under Superior Court Information No. 1590/21, upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Richard M. Langone for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Leon H. Tracy, 366 No. Broadway, Suite 410, #D9, Jericho, NY 11753, is assigned as counsel to prosecute the appeals; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated April 27, 2022, as amended by a decision and order of this Court dated November 25, 2022, the appellant was granted leave to prosecute the appeals as a poor person, with the appeals to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first "'satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" [*2](Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83). An adequate Anders brief "must, at a minimum, draw the Court's attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). "[W]here counsel has failed in his or her role as advocate by filing a deficient brief, on this basis alone, new counsel will be assigned to represent the appellant on the appeal" (id.; see People v Beatty, 173 AD3d 1197, 1198).
Here, the brief submitted by assigned counsel pursuant to Anders v California is deficient because it fails to adequately analyze potential appellate issues with references to facts that might arguably support the appeals (see People v Campbell, 199 AD3d 933, 934; People v Bowen, 192 AD3d 905, 906-907; People v Corley, 186 AD3d 1239, 1240; People v Robinson, 175 AD3d 719, 721; People v Johnson, 126 AD3d 916, 917). In addition, "rather than acting as an advocate and evaluating whether there were any nonfrivolous issues to raise on appeal, assigned counsel has acted as 'a mere advisor to the court,' opining on the merits of the appeal" (People v Petrangelo, 216 AD3d 1181, 1182, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256; see People v Wright, 209 AD3d 1046, 1047). Since the brief does not demonstrate that assigned counsel has fulfilled his obligations under Anders v California, we must assign new counsel to represent the appellant (see People v Wright, 209 AD3d at 1047; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
LASALLE, P.J., MILLER, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court