People v Rodrigues (2024 NY Slip Op 03692)

People v Rodrigues

2024 NY Slip Op 03692

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2022-04741 ON MOTION
 (Ind. No. 1094/19)

[*1]The People of the State of New York, respondent, 
v
Jean M. Rodrigues Armstrong, appellant.

Samuel S. Coe, White Plains, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfrancesco of counsel), for respondent (no brief filed).

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry Warhit, J.), rendered March 24, 2022, convicting her of attempted robbery in the first degree, upon her plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Samuel S. Coe for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Loren Glassman, 185 Delhi Road, Scarsdale, NY 10583, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated October 12, 2022, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first "'satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83). An adequate Anders brief "must, at a minimum, draw the Court's attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the [*2]case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). "[W]here counsel has failed in his or her role as advocate by filing a deficient brief, on this basis alone, new counsel will be assigned to represent the appellant on the appeal" (id.; see People v Beatty, 173 AD3d 1197, 1198).
Here, the brief submitted by assigned counsel pursuant to Anders v California is deficient because it fails to analyze potential appellate issues with reference to legal authority or highlight facts in the record that might arguably support the appeal (see People v Ponce, 221 AD3d 914, 915; People v Corley, 186 AD3d 1239, 1240; People v Deprosperis, 126 AD3d 997, 998). "Specifically, the statement of facts does not review, in any detail, the Supreme Court's advisements to the defendant regarding the rights [s]he was waiving, the inquiries made of the defendant to ensure that the plea was knowing and voluntary, or the defendant's responses to any of those advisements and inquiries. Nor does it provide any detail regarding the defendant's factual admissions as to the crime charged" (People v Johnson, 126 AD3d 916, 917 [citation omitted]). The brief also "fails to provide the relevant colloquy/facts concerning the defendant's purported waiver of h[er] right to appeal with citation to legal authority," or "to analyze whether [she] has a nonfrivolous claim that the sentence imposed was excessive" (People v Corley, 186 AD3d at 1240). "[R]ather than acting as an advocate and evaluating whether there were any nonfrivolous issues to raise on appeal, assigned counsel has acted as 'a mere advisor to the court,' opining on the merits of the appeal" (People v Petrangelo, 216 AD3d 1181, 1182, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256; see People v Ponce, 221 AD3d at 915). "It is inappropriate for this Court to analyze the merits of any particular appellate issue where the appellant has not received the benefit of a merits-based brief prepared by counsel" (People v Bowen, 192 AD3d 905, 907 [alterations and internal quotation marks omitted]). Since the brief does not demonstrate that assigned counsel has fulfilled his obligations under Anders v California, we must assign new counsel to represent the defendant (see People v Ponce, 221 AD3d at 915; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
DILLON, J.P., DOWLING, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court