People v Lisbon (2024 NY Slip Op 06212)

People v Lisbon

2024 NY Slip Op 06212

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-04650 ON MOTION
 (Ind. No. 242/22)

[*1]The People of the State of New York, respondent,
v
Vincent Lisbon, appellant.

Samuel S. Coe, White Plains, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Amanda M. Bettinelli and Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Hyun Chin Kim, J.), rendered March 21, 2023, convicting him of driving while intoxicated, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Samuel S. Coe for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Paul N. Weber, P.O. Box 330, Cornwall, NY 12518, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion dated June 26, 2023, pursuant to CPL 380.55(2), this Court directed that the appeal be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first "'satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255 [emphasis omitted], quoting Penson v Ohio, 488 US 75, 83). "[C]ounsel must, at a minimum, draw the Court's attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the [*2]case and relevant legal authority" (id. at 258; see People v Murray, 169 AD3d 227, 231-232; People v Randolph, 156 AD3d 818, 819). "'[W]here counsel has failed in his or her role as advocate by filing a deficient brief, on this basis alone, new counsel will be assigned to represent the appellant on the appeal'" (People v Rodrigues, 229 AD3d 463, 464, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Here, the brief submitted by assigned counsel pursuant to Anders v California is deficient because it fails to analyze potential appellate issues with reference to legal authority or highlight facts in the record that might arguably support the appeal (see People v Rodrigues, 229 AD3d at 464; People v Trent, 220 AD3d 889, 890). "'Specifically, the statement of facts does not review, in any detail, the [County] Court's advisements to the defendant regarding the rights [he] was waiving, the inquiries made of the defendant to ensure that the plea was knowing and voluntary, or the defendant's responses to any of those advisements and inquiries. Nor does it provide any detail regarding the defendant's factual admissions as to the crime charged'" (People v Rodrigues, 229 AD3d at 464-465, quoting People v Johnson, 126 AD3d 916, 917). The brief also "fails to provide the relevant colloquy/facts concerning the defendant's purported waiver of his right to appeal with citation to legal authority," or "to analyze whether the defendant has a nonfrivolous claim that the sentence imposed was excessive" (People v Corley, 186 AD3d 1239, 1240). Further, the brief fails to adequately analyze the potential appellate issue of whether the defendant's plea of guilty was knowingly, intelligently, and voluntarily entered (see People v Jones, 202 AD3d 827, 828).
Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the defendant (see People v Rodrigues, 229 AD3d at 465; People v Trent, 220 AD3d at 890).
CONNOLLY, J.P., CHRISTOPHER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court