People v Brown (2025 NY Slip Op 01639)

People v Brown

2025 NY Slip Op 01639

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2021-04344
 (Ind. No. 307/20)

[*1]The People of the State of New York, respondent, 
v
Tracey Brown, also known as Tracy Brown, appellant.

Thomas J. Butler, Melville, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Thomas C. Costello of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John B. Collins, J.), rendered February 26, 2021, convicting her of attempted robbery in the second degree, upon her plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Thomas J. Butler for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Karen G. Leslie, P.O. Box 624, Riverhead, NY 11901, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated July 14, 2021, the appellant was granted a waiver of costs, fees, and expenses and the assignment of counsel, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court "[f]irst . . . must satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the . . . appeal" (McCoy v Court of Appeals of Wis., Dist. 1, 486 US 429, 442; see Penson v Ohio, 488 US 75, 83). An adequate Anders brief "must, at a minimum, draw the Court's attention to the relevant evidence, [*2]with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258). "[W]here counsel has failed in his or her role as advocate by filing a deficient brief, on this basis alone, new counsel will be assigned to represent the appellant on the appeal" (id.; People v Reyes-Fuentes, 228 AD3d 686, 688 [internal quotation marks omitted]).
Here, the brief submitted by assigned counsel pursuant to Anders v California identifies a number of issues that could be raised on the defendant's behalf, but which assigned counsel has concluded to be without merit. "[A]ssigned appellate counsel [is] constitutionally required to act as an 'active advocate' on behalf of his or her client, not merely an advisor to the court on the merits of the appeal" (People v Stokes, 95 NY2d 633, 636, quoting Anders v California, 386 US at 744). Since the brief does not demonstrate that assigned counsel has fulfilled his obligations under Anders v California, we must assign new counsel to represent the appellant (see People v Reyes-Fuentes, 228 AD3d at 688; People v Ponce, 221 AD3d 914, 915; People v Petrangelo, 216 AD3d 1181, 1182).
IANNACCI, J.P., BRATHWAITE NELSON, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court