People v Anthony (2026 NY Slip Op 00254)

People v Anthony

2026 NY Slip Op 00254

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2022-10305
 (Ind. No. 71294/21)

[*1]The People of the State of New York, respondent,
vObdul A. Anthony, appellant.

Michelle Parisien, South Jamesport, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Thomas C. Costello of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John Collins, J.), rendered November 17, 2022, convicting him of criminal sale of a controlled substance in the second degree and criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which she moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Michelle Parisien for leave to withdraw as counsel for the appellant is granted, and she is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,
ORDERED that Richard L. Herzfeld, 112 Madison Avenue, 8th Floor, New York, NY 10016, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated February 27, 2023, the appellant was granted a waiver of costs, fees, and expenses and the assignment of counsel, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first "'satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255 [emphasis omitted], quoting Penson v Ohio, 488 US 75, 83). An adequate Anders brief "must, at a minimum, draw the Court's attention to the [*2]relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (id. at 258; see People v Murray, 169 AD3d 227, 231-232). "'[W]here counsel has failed in his or her role as advocate by filing a deficient brief, on this basis alone, new counsel will be assigned to represent the appellant on the appeal'" (People v Rodrigues, 229 AD3d 463, 464, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Here, the brief submitted by assigned counsel pursuant to Anders v California is deficient because it fails to analyze potential appellate issues with reference to legal authority or to highlight facts in the record that arguably might support the appeal (see id.; People v Ponce, 221 AD3d 914, 915). Although the brief identifies the defendant's attempts to withdraw his plea of guilty, assigned counsel failed to evaluate those claims, thereby acting as "'a mere advisor to the court,' opining on the merits of the appeal" (People v Petrangelo, 216 AD3d 1181, 1182, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256; see People v Ponce, 221 AD3d at 915). Since the brief does not demonstrate that assigned counsel has fulfilled her obligations under Anders v California, we must assign new counsel to represent the defendant (see People v Ponce, 221 AD3d at 915; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
DUFFY, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court