People v Burks (2026 NY Slip Op 01526)

People v Burks

2026 NY Slip Op 01526

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2018-15023
 (Ind. No. 688/17)

[*1]The People of the State of New York, respondent,
vTyrone C. Burks, appellant.

Alex Smith, Middletown, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (William L. DeProspo, J.), rendered June 7, 2018, convicting him of criminal possession of a controlled substance in the third degree and endangering the welfare of a child, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Alex Smith for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Matthew Christiana, 199 Cook St., Ste. 308, Brooklyn, NY, 11206, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated April 19, 2019, the appellant was granted a waiver of costs, fees, and expenses and the assignment of counsel, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first "'satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83). An adequate Anders brief "must, at a minimum, draw the Court's attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, [*2]applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (id. at 258). "Counsel cannot merely recite the underlying facts, and state a bare conclusion that, after reviewing the record and discussing the case with the client, it is the writer's opinion that there are no nonfrivolous issues to be raised on appeal" (id.). "[W]here counsel has failed in his or her role as advocate by filing a deficient brief, on this basis alone, new counsel will be assigned to represent the appellant on the appeal" (id.; see People v Singh, 210 AD3d 1017, 1018).
Here, the brief submitted by assigned counsel pursuant to Anders v California (386 US 738) is deficient "'because it fails to analyze potential appellate issues with reference to legal authority or highlight facts in the record that might arguably support the appeal'" (People v Haynesworth, 240 AD3d 512, 513, quoting People v Telesco, 235 AD3d 910, 912). The analysis of the case at hand does little more than conclusorily assert the opinion of assigned counsel that there are no nonfrivolous issues to raise on appeal (see People v Santos, 180 AD3d 941; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the appellant (see People v Ponce, 221 AD3d 914, 915; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
BARROS, J.P., GENOVESI, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court