People v Arevalo (2026 NY Slip Op 01799)

People v Arevalo

2026 NY Slip Op 01799

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2025-02204 ON MOTION
 (Ind. No. 70046/14)

[*1]The People of the State of New York, respondent,
vJesus Arevalo, appellant.

Joseph DeFelice, Kew Gardens, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Sarah Rabinowitz of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Teresa K. Corrigan, J.), rendered February 4, 2025, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Joseph DeFelice for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Matthew Brissenden, 666 Old Country Road, Suite 501, Garden City, NY, 11530, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated March 26, 2025, pursuant to CPL 380.55(2), this Court directed that the appeal be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first "'satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255 [emphasis omitted], quoting Penson v Ohio, 488 US 75, 83). An adequate Anders brief "must, at a minimum, draw the Court's attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any [*2]significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (id. at 258; see People v Murray, 169 AD3d 227, 231-232). "'Counsel cannot merely recite the underlying facts, and state a bare conclusion that, after reviewing the record and discussing the case with the client, it is the writer's opinion that there are no nonfrivolous issues to be raised on appeal'" (People v Collins, 239 AD3d 990, 991, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). "'[W]here counsel has failed in his or her role as advocate by filing a deficient brief, on this basis alone, new counsel will be assigned to represent the appellant on the appeal'" (People v Rodrigues, 229 AD3d 463, 464, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Here, the brief submitted by assigned counsel pursuant to Anders v California is deficient "'because it fails to analyze potential appellate issues with reference to legal authority or highlight facts in the record that might arguably support the appeal'" (People v Haynesworth, 240 AD3d 512, 513, quoting People v Telesco, 235 AD3d 910, 912). "With regard to those issues identified in the brief that could be raised on the defendant's behalf, the analysis lacks supporting legal authority" (id.). "After reciting the facts relating to the defendant's plea and sentence, the brief merely states in conclusory fashion that the defendant's plea of guilty and the waiver of the right to appeal are valid and that no nonfrivolous issues exist. The brief does not discuss the basis, with reference to relevant legal authority, of assigned counsel's conclusions" (People v Collins, 239 AD3d at 991). "Since the brief does not demonstrate that assigned counsel has fulfilled [his] obligations under Anders v California, we must assign new counsel to represent the defendant" (People v Anthony, ____ AD3d ____, ____, 2026 NY Slip Op 00254, *2; see People v Ponce, 221 AD3d 914, 915; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
LASALLE, P.J., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court