Matter of Alexi P. (Ruben P.) (2024 NY Slip Op 04325)

Matter of Alexi P. (Ruben P.)

2024 NY Slip Op 04325

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2023-04696
 (Docket No. B-2701-21)

[*1]In the Matter of Alexi P. (Anonymous). Suffolk County Department of Social Services, respondent; Ruben P. (Anonymous), appellant.

Thomas J. Butler, Melville, NY, for appellant.
Christopher J. Clayton, County Attorney, Hauppauge, NY (Jessica A. Cicale of counsel), for respondent (no brief filed).
Kenneth J. Molloy, Central Islip, NY, attorney for the child (no brief filed).

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Victoria Gumbs-Moore, J.), dated April 21, 2023. The order of fact-finding and disposition, after a fact-finding hearing, found that the father abandoned the subject child, terminated his parental rights, and transferred guardianship and custody of the subject child to the petitioner for the purpose of adoption. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Thomas J. Butler for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Darla A. Filiberto, 1770 Motor Parkway, Suite 300, Hauppauge, New York 11749, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent and the attorney for the child shall serve and file their briefs within 30 days after the brief on behalf of the appellant is served and filed. By order on certification of this Court dated June 12, 2023, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties and the attorney for the child are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In March 2021, the petitioner, Suffolk County Department of Social Services, filed a petition pursuant to Social Services Law § 384-b to terminate the father's parental rights to the subject child on the ground of abandonment. After a fact-finding hearing, at which the father appeared and testified, in an order of fact-finding and disposition dated April 21, 2023, the Family Court found that the father abandoned the child, terminated his parental rights to the child, and transferred guardianship and custody of the child to the petitioner for the purpose of adoption. The father appeals.
The brief submitted by the father's assigned counsel pursuant to Anders v California (386 US 738) is deficient because it fails to contain an adequate statement of facts and fails to analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (see People v Wright, 209 AD3d 1046, 1047; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 256). The statement of facts does not discuss, in any detail, the majority of the father's testimony elicited at the hearing. Among other things, the statement of facts does not mention the father's testimony that he was "homeless" for a period of time after his in-person visits with the child ceased due to the COVID-19 pandemic or that he contacted a caseworker to request in-person visits and was unable to access Zoom to conduct a virtual visit. Moreover, rather than acting as an advocate and evaluating whether there were any nonfrivolous issues to raise on appeal, assigned counsel has acted as "a mere advisor to the court," opining on the merits of the appeal (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256; see Anders v California, 386 US at 744-745; Matter of Thomas v Mobley, 195 AD3d 933). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the father (see Matter of Thomas v Mobley, 195 AD3d at 934; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
DILLON, J.P., CHAMBERS, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court